**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT DOLEMBA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STEPHENS & MICHAELS | ) |
| ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Scott Dolemba brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Stephens & Michaels Associates, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiff within this District;

b.      Defendant does or transacts business within this District.

## PARTIES

4.      Plaintiff Scott Dolemba  is an individual who resides in the Northern District of Illinois.

5.      Defendant Stephens & Michaels Associates, Inc., is a New Hampshire corporation.  It does business in Illinois.  Its registered agent and office is Joel Flaherty, Seven Stiles Road, Salem, New Hampshire 03079.

1

6. Stephens & Michaels Associates, Inc., is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7. Stephens & Michaels Associates, Inc., is a debt collector as defined in the FDCPA.

## FACTS

8. Defendant has been attempting to collect from plaintiff an alleged wireless cell phone debt incurred, if at all, for personal, family or household purposes.

9. In February 2015, defendant placed one or more phone calls to plaintiff.

10. On February 16, 2015, defendant's representative spoke to plaintiff. Plaintiff was told defendant wanted to verify his mailing address.

11. On or about February 27, 2015, more than five days after February 16, 2015, defendant sent plaintiff the letter attached as Exhibit A.

12. Exhibit A is the first letter plaintiff received from defendant regarding the debt described therein.

13. On information and belief, based on its contents, Exhibit A was the first letter defendant sent to plaintiff regarding the debt described therein.

## COUNT I – FDCPA

14. Plaintiff incorporates paragraphs 1-14.

15. Defendant violated 15 U.S.C. §1692g, by failing to send the notice required by 1692g within 5 days of contacting plaintiff.

16. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

17.     Defendant violated 15 U.S.C. §1692c by contacting a represented party directly.

18.     Section 1692c provides:

**§ 1692c.  Communication in connection with debt collection**

**(a) Communication with the consumer generally.  Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

**. . .     (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)     Statutory damages;

(2)      Attorney's fees, litigation expenses and costs of suit;

(3)      Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\31079\Pleading\Complaint_Pleading.wpd

4

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)